UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONDI K. LINDELL,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF MERCER ISLAND, a Washington municipal corporation; MERCER ISLAND CITY MANAGER RICHARD CONRAD, in his official and individual capacities; MERCER ISLAND DEPUTY MAYOR JIM PEARMAN, in his official and individual capacities; MERCER ISAND COUNCILMEMBER ERNEST JAHNCKE, in his official and individual capacities; MERCER ISLAND FINANCE DIRECTOR CHARLES CORDER, in his official and individual capacities,<br><br>                Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment, equitable relief, and monetary damages for various violations of 42 U.S.C. §§ 1983 and 1985, the Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq.* ("WLAD") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"). Plaintiff Londi K. Lindell was the former City Attorney and Deputy City Manager of the City of Mercer Island. She was subjected to adverse employment actions and alleges that Defendants discriminated against her because of her gender and ultimately terminated her in retaliation for engaging in protected activity. Defendants' termination of Plaintiff lacked due process. Defendants have continued to retaliate against Plaintiff post-termination and have also violated RCW 42.30 *et seq.* and RCW 42.56 *et seq.* Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages and punitive damages to the fullest extent allowed by law.

## II. JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 since Plaintiff alleges claims that comprise a federal question.

3. Venue of this Court is invoked under 28 U.S.C. § 1391.

4. This court has jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

5. The practices alleged to be unlawful were committed within the jurisdiction of the Federal District Court for the Western District of Washington at Seattle.

6. Plaintiff filed a charge with the EEOC, and has requested and received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and therefore has exhausted the administrative procedure set out in the relevant federal statutes.

7. Plaintiff filed a Notice of Tort Claim with the City as required by RCW 4.96.020. More than sixty (60) days has elapsed since that filing.

8. All jurisdictional prerequisites have been met.

9. At all relevant times, Plaintiff was a resident of the Western District of Washington.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

10. Defendant City of Mercer Island ("City") is a Washington municipal corporation.

11. Plaintiff was employed by Defendant City.

12. At all relevant times, Defendant City was an employer within the meaning of 42 U.S.C. § 2000e (a) and (b) and RCW 49.60 *et seq.* Defendant City had more than fifteen employees and was an employer engaged in an industry affecting commerce.

13. At all relevant times, Defendant Richard Conrad was a resident of the Western District of Washington at Seattle and was the City Manager of Defendant City. He is sued in his official capacity in connection with actions taken under the color of state law. All acts done by Defendant Conrad were done on behalf of or in furtherance of the marital community.

14. As City Manager, Defendant Conrad served as the City's chief executive officer, and in such capacity at all material times hereto exercised express or de facto final decision-making authority over, and ratification of, personnel actions toward City employees, including disciplinary action and termination. All acts or omissions taken by Defendant Conrad constitute those of Defendant City, and were taken with deliberate indifference to Plaintiff's rights.

15. At all relevant times, Defendant Jim Pearman was a resident of the Western District of Washington at Seattle and was the Deputy Mayor or Mayor of Defendant City and is a member of the City Council. He is sued in his official capacity in connection with actions taken under the color of state law. All acts done by Defendant Pearman were done on behalf of or in furtherance of the marital community.

16. As Deputy Mayor and/or Mayor and a member of the City Council, Defendant Pearman was charged with establishing City policy. In such capacity, at all material times hereto, Defendant Pearman exercised express or de fact final decision-making authority over, and ratification of, personnel actions toward City employees, including disciplinary action and termination. All acts or omissions taken by Defendant Pearman constitute those of Defendant City, and were taken with deliberate indifference to Plaintiff's rights.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

17. At all relevant times, Defendant Ernest Jahncke was a resident of the Western District of Washington and was a Councilmember of Defendant City and later became the Deputy Mayor. He is sued in his official capacity in connection with actions taken under the color of state law. All acts done by Defendant Jahncke were done on behalf of or in furtherance of the marital community.

18. As a Councilmember and Deputy Mayor of Defendant City, Defendant Jahncke was charged with establishing City policy. In such capacity, at all material times hereto, Defendant Jahncke exercised express or de fact final decision-making authority over, and ratification of, personnel actions toward City employees, including disciplinary action and termination. All acts or omissions taken by Defendant Jahncke constitute those of Defendant City, and were taken with deliberate indifference to Plaintiff's rights.

19. At all relevant times, Defendant Charles Corder was a resident of the Western District of Washington at Seattle and was the Finance Director of Defendant City. He is sued in his official capacity in connection with actions taken under the color of state law. All acts done by Defendant Corder were done on behalf of or in furtherance of the marital community.

### III.   FACTS

20. In approximately June of 2000, Ms. Lindell was hired by Defendant City as the City Attorney to provide legal advice to all City staff, the City Manager, the City Council and all City Boards and Commissions.

21. During the course of her employment with Defendant City, Ms. Lindell was annually reviewed by her supervisor, Defendant Conrad. Ms. Lindell received the highest rating possible of "outstanding performance" for each year she was reviewed.  In 2007, Ms. Lindell was promoted by Defendant Conrad to Deputy City Manager, the number two position in the City.

22. Ms. Lindell became concerned that Defendants' actions were creating a hostile work environment based on sex, that Defendants were failing to act against workplace sexual discrimination and harassment, and that Defendants were discriminating against her on the basis of her sex. Ms. Lindell opposed Defendants' discriminatory conduct and suffered retaliation as a result.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

**Defendants' actions included, but were not limited to the following acts:**

a.      Defendant City's Human Resource Director ("HR Director") performed an interview with a police detective when she later admitted that she was not wearing any underwear and flashed the detective, an event that was claimed to be inadvertent.  Following the incident, Defendant Conrad and other City employees joked with the HR Director (who joked back) about the incident. Ms. Lindell complained to Defendant Conrad that the HR Director's conduct and Defendant Conrad's response was inappropriate, offensive and violated City policy.  Ms. Lindell advised Defendant Conrad that he should have disciplined the HR Director, or anyone involved. Defendant Conrad refused to take action. Additionally, the harassing comments relating to pubic hair, flashing, and female genitalia continued in the workplace and such comments were made in the presence of Defendants, including Defendant Conrad.

b.      During a meeting with Defendant Conrad and Defendant Pearman, Defendant Jahncke made numerous sexually explicit and demeaning comments aimed at Ms. Lindell, including but not limited to advising Ms. Lindell there was going to be "grab assin" at the Council retreat dinner where Ms. Lindell would be the only female employee.  At the Council retreat, Defendant Jahncke made sexual and offensive comments about Ms. Lindell's body. Ms. Lindell opposed this behavior, including complaining to Defendant Conrad and Assistant City Manager Pete Mayer ("Mayer"), but no action was taken by Defendants.

c.      Defendant Jahncke sent sexually charged emails to City employees, including a video showing a man's head exploding when he stared at women's breasts in the workplace.  Ms. Lindell opposed this behavior including complaining to Defendant Conrad and others. No appropriate and remedial action was taken by Defendants.

d.      Defendant Conrad approved a promotion and salary increase for Defendant City's HR Director that was inconsistent with Defendant City's compensation policy. Ms. Lindell opposed this discrimination, and told Defendant Conrad that he should not treat the HR Director in a

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

disparate manner based upon her sex since her male colleagues had also requested pay increases and Defendant Conrad had refused to grant such requests to the males.

e.      Defendant Conrad treated Ms. Lindell differently than male employees. This included, telling her he could not compete with her because she was "too attractive," and criticizing Ms. Lindell for not being able to have the same type of close personal relationship he had with the HR Director, a relationship Defendant Conrad compared to Ms. Lindell's relationship with her husband. Defendant Conrad told Ms. Lindell that her failure to have this type of intimate relationship with him hurt her at work.  Ms. Lindell opposed this discrimination, including openly objecting to Defendant Conrad's actions and comments.

23.     Ms. Lindell complained to Defendant Conrad, Assistant City Manager ("Mayer") and City Attorney Bob Sterbank ("Sterbank") about Defendants' abovementioned unlawful conduct, including her concern that Defendant Conrad's conduct and his failure to act against workplace sexual discrimination and harassment was creating a hostile work environment and constituted quid pro quo sexual harassment.

24.     City Attorney Sterbank also became concerned that Defendant Conrad's conduct was placing the City at legal risk. In or around October 2008, Sterbank drafted a legal memorandum, outlining his concerns that Defendant Conrad's conduct could expose Defendant City to liability, including liability for sexual harassment under Title VII of the Civil Rights Act of 1964 and under the Washington Law Against Discrimination, RCW 49.60 *et seq.*

25.     Defendant City had previously been sued in 2003 by an employee who alleged that she had been sexually harassed and retaliated against by Defendant Conrad. The case settled for $90,000.

26.     Upon receipt of Sterbank's memo, Defendant Conrad advised Ms. Lindell that Sterbank must be fired. Ms. Lindell informed Defendant Conrad that firing Sterbank would constitute retaliation in violation of the WLAD and Title VII.

27.      Defendant Conrad directed Ms. Lindell to force Sterbank to revise his legal advice, and to force him to re-write the memo.  Ms. Lindell told Defendant Conrad that she would not interfere or pressure the City Attorney to revise it. Ms. Lindell informed Defendant Conrad that she agreed with

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

Sterbank's legal advice and advised Defendant Conrad to cease the conduct complained of in the memo, namely sexually harassing and discriminating against City employees.

28. Defendant Conrad further attempted to pressure Ms. Lindell to perform a "name clearing" investigation to rebut the legal memorandum. Defendant Conrad proposed that Ms. Lindell interview only three witnesses that he selected, that he draft the questions to be asked, and that he be allowed to sit in the room during the questioning. Ms. Lindell advised Defendant Conrad that both the City's Employment Handbook and State law required the City to conduct a full and independent investigation when the City knows or should have known that sexual harassment was occurring. Defendant Conrad then asked Assistant City Manager Mayer to perform the same limited, non-substantive and compromised investigation to clear his name. Mayer also refused.

29. Defendant Conrad consulted with former City Manager, Anne Pflug ("Pflug"). Pflug recommended that an investigation be conducted by an investigator outside the city. Acting in his official capacity with final policy-making authority, Defendant Conrad and Defendant City hired Marcella Reed ("Reed"), an outside investigator specializing in sexual harassment investigation, to conduct the investigation.

30. Defendant City retained outside legal counsel ("Outside Counsel") to provide legal advice for the investigation. Outside Counsel drafted a memo advising Defendant Conrad that an investigation was being commenced into whether or not Defendant Conrad's conduct created a hostile work environment and/or constituted quid pro quo harassment. Defendant Conrad was directed not to communicate or lobby any of the witnesses or otherwise interfere with the investigation.

31. Notwithstanding this directive, Defendant Conrad immediately began lobbying Ms. Lindell, including but not limited to asking Ms. Lindell to contact City Councilmembers and City employees and convince them Defendant Conrad had done nothing wrong. Ms. Lindell openly refused to stack the investigation or violate the investigative mandate and refused to alter her testimony. Ms. Lindell notified Outside Counsel and others of these unlawful requests, which undermined the pending sexual harassment investigation of Defendant Conrad.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

32. Defendant Conrad learned from Defendant Corder and City Councilmembers, including Defendants Pearman and Jahncke that Ms. Lindell's testimony to investigator Reed was potentially damaging to his case.

33. In violation of the established ground rules governing the sexual harassment investigation, Defendant Conrad began meeting individually with Defendant Corder and Councilmembers, including Defendants Pearman and Jahncke. Defendants, including Conrad, escalated their retaliation against Ms. Lindell.

34. On or around December 3, 2008, Investigator Reed reported to the City Counsel her investigative findings and recommended that Defendant City terminate Defendant Conrad's employment as City Manager.

35. The all-male City Counsel, comprised partially of Defendants Pearman, and Jahncke, refused to fire Defendant Conrad. Instead, the City Counsel terminated Reed's services.

36. In retaliation for Ms. Lindell's protected activity and with discriminatory motive, Defendants conspired to terminate Ms. Lindell's employment with Defendant.

37. On or around December 17, 2008, Defendants informed Ms. Lindell that she should seek other employment and leave the city within two years as a result of her role in the sexual harassment and discrimination investigation of Defendant Conrad.

38. Believing that the impending termination was illegal and violated her civil rights, Ms. Lindell further engaged in protected activity by retaining legal counsel, who appeared on her behalf. Ms. Lindell's lawyer took action that included but was not limited to drafting formal complaints relating to the ongoing discrimination and retaliation of Ms. Lindell.

39. Thereafter, Defendants further conspired to deny Ms. Lindell of her civil rights and rights to be free from retaliation and discrimination by turning Defendants' request for Ms. Lindell to leave the City within two years into an immediate termination without any due process.

40. Acting in his official capacity with final policy-making authority, Defendant Conrad officially notified Ms. Lindell of her termination by email on or around April 14, 2008. Ms. Lindell was

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

verbally advised by Defendant Conrad and City Councilmembers, including Defendants Pearman, and Jahncke, that she was terminated for her complaints about Conrad's conduct and for her participation in the investigation into Conrad's conduct.

41. Defendants, acting in their official capacity with final policy-making authority, denied Ms. Lindell any type of "name clearing hearing" or a *Loudermill* hearing before she was terminated.

42. Defendants have continued to retaliate against Ms. Lindell after her termination, and engaged in post-termination retaliation in violation of the statutes cited herein.

43. Defendants violated the Open Public Meetings Act by holding unlawful secret meetings and executive sessions and taking final action in such illegal meetings in retaliation.

44. Plaintiff made public record disclosure requests to Defendant City. Defendant City violated and continue to violate the Public Records Act by failing to disclose requested public records to Ms. Lindell (and probably others such as the press) as required by state law.

45. In addition to those actions stated specifically in this complaint, Defendants took other adverse actions including but not limited to changing Ms Lindell's working conditions, threatening retaliatory discipline, raising pretextual performance issues, and taking other retaliatory actions.

46. Defendants engaged in additional harassment, discrimination and retaliation, in addition to the actions specifically pled in this complaint. Similarly, in addition to the actions specifically pled in this complaint, Ms. Lindell also engaged in other protected activity and acted in ways too numerous to list herein to oppose Defendants' discrimination, retaliation and harassment.

47. As a result of Defendants violation of Ms. Lindell's rights she suffered damages, and will continue to suffer damages in the future, as set forth in the prayer for relief, including damage to her reputation and career, property and liberty interests.

## IV.   CAUSES OF ACTION
### Deprivation of Constitutionally Protected Rights Under 42 U.S.C. § 1983
### By Individuals Acting Under Color of State Law.

48. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 47.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

49. Plaintiff is entitled to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, due process of law under the Fourteenth Amendment of the United States Constitution, and freedom of speech under the First Amendment of the United States Constitution.

50. Defendants Conrad, Pearman, Jahncke and Defendant City were acting under color of federal and state law when they deprived Plaintiff of her rights and privileges guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment and of her rights and privileges guaranteed by the First Amendment. The actions alleged herein were acts of Defendant City, which Defendant City sanctioned, ratified or ordered.

51. Defendants Conrad, Pearman, Jahncke and Defendant City violated 42 U.S.C. § 1983 *et seq.* by discriminating against and harassing Plaintiff on the basis of her sex and gender.

52. Defendants Conrad, Pearman, Jahncke and Defendant City violated 42 U.S.C. § 1983 *et seq.* by subjecting Plaintiff to a hostile work environment on the basis of her sex and gender.

53. Defendants Conrad, Pearman, Jahncke and Defendant City violated 42 U.S.C. § 1983 *et seq.* by retaliating against Plaintiff for opposing Defendants' unlawful discrimination and harassment, refusing to interfere with the sexual harassment investigation into Defendant Conrad's behavior, providing truthful testimony, and taking other protected actions.

54. Defendants Conrad, Pearman, Jahncke and Defendant City violated 42 U.S.C. § 1983 *et seq.* by depriving Plaintiff, a Washington state employee, of her property and liberty interest in her continued employment with Defendant City without due process.

55. Defendants Conrad, Pearman, Jahncke and Defendant City violated 42 U.S.C. § 1983 et seq. by terminating Plaintiff in retaliation for exercising her First Amendment rights.

56. Defendants Conrad, Pearman, Jahncke and Defendant City intentionally engaged in the abovementioned discriminatory practices with malice or reckless indifference to the federally protected Constitutional and statutory rights of Plaintiff.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 9

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

57. As a proximate result of the conduct of Defendants Conrad, Pearman, Jahncke and Defendant City, Plaintiff has suffered past and future economic and non-economic damages in an amount to be proven at trial.

## 42 U.S.C. § 1985

58. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 57.

59. At all relevant times, Defendants Conrad, Pearman, Jahncke, Corder and Defendant City were acting under color of federal and state law.

60. Defendants conspired together with the purpose of depriving Plaintiff of certain civil rights in violation of 42 U.S.C. §1985 *et seq.*, including equal protection of the law.

61. Defendants conspired to discriminate against and harass Plaintiff on the basis of her sex, in violation of 42 U.S.C. § 1985 *et seq.*

62. Defendants conspired to retaliate against Plaintiff for opposing Defendants' discriminatory and retaliatory conduct, participating in the investigation of Defendant Conrad's discriminatory practices, and taking other protected actions, and have continued to retaliate against Plaintiff after her termination.

63. The abovementioned acts of Defendants, including, but not limited to, intentionally undermining Plaintiff's credibility and reputation, not permitting Plaintiff an opportunity to be heard, and terminating Plaintiff in retaliation for her role in the investigation of Defendant Conrad's conduct, were taken in furtherance of said conspiracy.

64. Defendants intentionally engaged in the abovementioned practices with malice or reckless indifference to the federally protected Constitutional and statutory rights of Plaintiff.

65. As a proximate result of the conduct of Defendants, Plaintiff has suffered past and future economic and non-economic damages in an amount to be proven at trial.

## Washington's Law Against Discrimination – RCW 49.60 *et seq.*

66. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 65.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 10

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

67. Defendants engaged in unlawful employment practices against Plaintiff in violation of the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD").

68. Defendants sexually harassed, discriminated against, and took adverse employment actions against Plaintiff. Defendants' conduct was unwelcome, offensive, and unsolicited by Plaintiff.

69. Defendants' unlawful conduct was motivated by Plaintiff's gender, as a female.

70. Plaintiff engaged in protected activity and suffered retaliation for opposing the discrimination and harassment.  Plaintiff's employment was ultimately terminated by Defendants.

71. Plaintiff suffered adverse actions for engaging in protecting activity, including post-termination retaliation.

72. Defendants also failed to act to eliminate the discrimination and retaliation against Plaintiff.

73. The unlawful employment practices complained of in the above paragraphs were intentional.

74. The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights as protected by state laws.

75. The effect of the practices complained of in the above paragraphs has deprived Ms. Lindell of equal employment opportunities and otherwise adversely affected her status as an employee because of her gender and protected activity.

76. As a proximate result of the conduct of Defendants, Plaintiff has suffered past and future economic and non-economic damages in an amount to be proven at trial.

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII")**

77. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 76.

78. Defendant City engaged in unlawful employment practices against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 11

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

79. Defendant City sexually harassed, discriminated against, and took adverse employment actions against Plaintiff. Defendant City's conduct was unwelcome, offensive, and unsolicited by Plaintiff.

80. Defendant City's unlawful conduct was motivated by Plaintiff's gender, as a female.

81. Plaintiff engaged in protected activity and suffered retaliation for opposing the discrimination and harassment. Plaintiff's employment was ultimately terminated by Defendants.

82. Plaintiff suffered adverse actions for engaging in protecting activity, including post-termination retaliation.

83. Defendant City also failed to act to eliminate the discrimination and retaliation against Plaintiff.

84. The unlawful employment practices complained of in the above paragraphs were intentional.

85. The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights as protected by federal laws.

86. The effect of the practices complained of in the above paragraphs has deprived Ms. Lindell of equal employment opportunities and otherwise adversely affected her status as an employee because of her gender and protected activity.

87. As a proximate result of the conduct of Defendant City, Plaintiff has suffered past and future economic and non-economic damages in an amount to be proven at trial

## **Open Public Meetings Act (OPMA)**

88. Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 87.

89. Defendants violated Washington's Open Public Meetings Act (OPMA), RCW 42.30 *et seq.*, by holding several executive meetings outside of the public view and by taking final actions in meetings not open to the public, including but not limited to electing to terminate Plaintiff.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 12

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

**Public Records Act**

90.     Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in the preceding paragraphs 1 through 89.

91.     Defendants' acts and or omissions in failing or refusing to permit Plaintiff timely access to the requested information for viewing and copying constitutes a violation of Washington's Public Records Act (PRA), RCW 42.56 *et seq*.

### III.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.     Grant a permanent injunction enjoining Defendants from engaging in any other employment practice which discriminates on the basis of gender.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to produce all public records requested by Plaintiff pursuant to RCW 42.56 *et seq.*

D.     Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.     Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

F.     Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation, emotional pain, suffering, distress, damage to reputation and loss of enjoyment of life, in amounts to be determined at trial.

G.     Order Defendants to pay punitive damages to the fullest extent allowed by law.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 13

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

H.    Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

I.    Award Plaintiff the costs of this action, including attorneys' fees, expert fees, and all other costs to the fullest extent allowed by law.

J.    Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this 23rd of December, 2008.

THE BLANKENSHIP LAW FIRM, P.S.

By: /s/ Scott C. G. Blankenship
    Scott C. G. Blankenship, WSBA No. 21431
    Nazik S. H. Youssef, WSBA No. 39762
    The Blankenship Law Firm, P.S.
    1201 Third Avenue, Suite 2880
    Seattle, WA 98101
    Telephone: (206) 343-2700
    Fax: (206) 343-2704
    Email:   sblankenship@blankenshiplawfirm.com
                 nyoussef@blankenshiplawfirm.com
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 14

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700