1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONDI K. LINDELL, | ) |
| | ) |
| Plaintiff, | ) No. C08-1827RSM |
| vs. | ) |
| | ) |
| CITY OF MERCER ISLAND, a Washington | ) STIPULATION AND PROTECTIVE |
| municipal corporation; MERCER ISLAND | ) ORDER |
| CITY MANAGER RICHARD CONRAD, in | ) |
| his official and individual capacities; | ) |
| MERCER ISLAND DEPUTY MAYOR JIM | ) |
| PEARMAN, in his official and individual | ) |
| capacities; MERCER ISLAND | ) |
| COUNCILMEMBER ERNEST JAHNCKE, | ) |
| in his official and individual capacities; | ) |
| MERCER ISLAND FINANCE DIRECTOR | ) |
| CHARLES CORDER, in his official and | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

The undersigned counsel for Plaintiff Londi K. Lindell and Defendants City of Mercer Island ("City"), Richard Conrad, Jim Pearman, Ernest Jahncke, and Charles Corder hereby stipulate and agree as follows and respectfully request that the following Protective Order ("Protective Order") be entered by the Court pursuant to Fed. R. Civ. P. 26(c) and Western District of Washington Civil Rule 5(g):

**PROTECTIVE ORDER** - 1

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696

Certain documents and information to be provided by Defendants, the Plaintiff, and/or third parties in response to discovery requests, including but not limited to personnel records of plaintiff and third-parties and medical records, collectively referred to hereafter as "the Protected Documents," contain confidential information.  Plaintiff and Defendants request confidentiality of the Protected Documents because they potentially contain personal and private information and confidential information, which would not otherwise be known to the public. "Producing Party" shall mean the party or person providing discovery, or the party or person that originated the document.

1.     The Producing Party will designate each of the Protected Documents with the legend "Confidential." A designation by a party of Confidential information shall be made in good faith.

2.     Copies of discovery materials that have been designated Confidential, and the information therein, shall be received only by the Court, by mediators retained by the parties to assist in resolution of the Lawsuit,  by the parties, counsel, counsel's contract attorneys, the staff of counsel, including expert and consulting witnesses and secretarial and paralegal assistants, as necessary to assist in the preparation of this litigation, and by any witness shown such discovery materials by a party, provided the witness has executed an agreement, in the form attached hereto, to be bound by this stipulation and order.  Such materials shall be held confidential by such persons, shall not be made available or disclosed to any other person except upon the agreement of counsel for the producing party.  Nothing in this Order shall prohibit Plaintiff or Defendant from seeking to introduce Confidential information at trial, or seeking to protect such information at trial, or seeking a court ruling that the allegedly Confidential information should not be designated as Confidential.

**PROTECTIVE ORDER** - 2

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696

3.     Any party who wishes to challenge another party's designation of information as Confidential may proceed at any time as follows:

(a)     Counsel for the party challenging the designation shall request and schedule a Fed. R. Civ. P. 37 conference. The Fed. R. Civ. P. 37 conference shall occur within ten business days of the challenging party requesting a Fed. R. Civ. P. 37 conference. The parties will attempt to confer in a good faith to resolve by agreement any differences as to the use or designation of information as Confidential;

(b)     Failing agreement of the parties, the objecting party will notify the party designating the information as Confidential of its objection in writing within seven additional business days of the Fed. R. Civ. P. 37 conference;

(c)     Within seven business days after receipt of such written notice, the party designating such information as Confidential may file a motion with the Court to establish the confidentiality of any such document. The burden of proving that records have been properly designated as Confidential shall be on the party making such designation.

(d)     If a motion is timely made as provided in Paragraph 3(c), the designation of Confidential shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order, until the application with respect to particular Confidential  information or restricted Confidential information is ruled upon by the Court; and

(e)     If the party designating such information as Confidential fails to timely make a motion pursuant to Paragraph 3(c) after a party provides written notice pursuant to Paragraph 3(b), the information shall cease to be treated as Confidential under this Order.

4.     Nothing in this Order shall preclude any party from using Protected Documents during hearings, court proceedings, and/or motion practice if the party reasonably believes the Confidential material is necessary for the hearing, court proceeding, and/or motion practice.  In the event that a party intends to enter any Protected Documents  into evidence, the disclosing party shall either: (a) provide the other party's counsel with the notice of its intent to file such Confidential information and will provide at least seven business days for the other party to file

**PROTECTIVE ORDER** - 3

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696

a motion to obtain an order requiring that such Protected Documents be filed under seal; or (b) file a stipulation and proposed order to seal or motion to seal the Protected Documents pursuant to Local Rule 5(g) or any other applicable General Rules and/or Local Rules of the Court.  The stipulation or motion can either be filed before or concurrent with the document filed under seal. Where reasonably practical, only those portions of documents or pleadings consisting of Confidential information shall be filed or lodged under seal.

5.     The Protected Documents produced in this litigation and the information contained therein, unless ruled by the Court to be improperly deemed Confidential, shall be used only for the purpose of the prosecution, defense, or settlement of this action.

6.     Nothing in this Order shall preclude any party from contacting witnesses identified in materials designated as Confidential.

7.     Nothing in this stipulation shall be deemed to constitute a waiver of any objections as to the admissibility into evidence of any of the Protected Documents during the litigation of this case.

8.     The provisions of this Order, insofar as they restrict the communication and use of certain discovery materials, and the information contained therein, shall continue to be binding after the conclusion of this action, except to the extent production of documents is required by law.

9.     This Stipulated Protective Order is not intended to and does not restrict the City of Mercer Island from complying with statutory and/or other legal requirements that may otherwise compel disclosure.

10.     The Court may enter an order consistent with this stipulation. The Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

**PROTECTIVE ORDER** - 4

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696

11.      This agreement and order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all Confidential material produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for up to six years as required by the Rules of Professional Conduct. After the termination of this action, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential material has been disclosed or communicated. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

A proposed order accompanies this stipulation.

DATED this 29th day of October, 2009.

MICHAEL & ALEXANDER PLLC                    THE BLANKENSHIP LAW FIRM, P.S.


By: /s/ Stephanie Alexander                        By: /s/ Scott C. G. Blankenship
Stephanie R. Alexander, WSBA #28007          Scott C. G. Blankenship, WSBA No. 21431
Paul M. Nordsletten, WSBA # 21104           Nazik S. H. Youssef, WSBA No. 39762
Attorneys for Defendants City of Mercer       Attorneys for Plaintiff
Island, Richard Conrad, Jim Pearman,          1201 Third Avenue, Suite 2880
Ernest Jahncke, and Charles Corder            Seattle, WA 98101
701 Pike Street, Suite 1150                   Telephone: (206) 343-2700
Seattle, WA 98101                             Fax: (206) 343-2704
Phone: (206) 442-9696                         sblankenship@blankenshiplawfirm.com
Fax: (206) 442-9699                           nyoussef@blankenshiplawfirm.com
stephanie@michaelandalexander.com;
paul@michaelandalexander.com

**PROTECTIVE ORDER** - 5

# ORDER

The Court having considered the foregoing stipulation of the parties, it is hereby ordered that the stipulation of the parties is confirmed in all of its particulars.

DATED this 2 of November 2009.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

MICHAEL & ALEXANDER PLLC


By: /s/ Stephanie Alexander
Stephanie R. Alexander, WSBA #28007
Paul M. Nordsletten, WSBA # 21104
Attorneys for Defendants City of Mercer Island,
Richard Conrad, Jim Pearman, Ernest Jahncke, and Charles Corder
701 Pike Street, Suite 1150
Seattle, WA 98101
Phone: (206) 442-9696
Fax: (206) 442-9699
stephanie@michaelandalexander.com;
paul@michaelandalexander.com


Approved as to Form; Notice of Presentation
Waived

THE BLANKENSHIP LAW FIRM, P.S.


By: /s/ Scott C. G. Blankenship
Scott C. G. Blankenship, WSBA No. 21431
Nazik S. H. Youssef, WSBA No. 39762
Attorneys for Plaintiff
1201 Third Avenue, Suite 2880
Seattle, WA 98101
Telephone: (206) 343-2700
Fax: (206) 343-2704
sblankenship@blankenshiplawfirm.com
nyoussef@blankenshiplawfirm.com

**PROTECTIVE ORDER** - 6

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

### **<u>Acknowledgment</u>**

The undersigned, _____, in connection with the case of

*Lindell v. City of Mercer Island, et al.*, Case No. C08-1827 RSM (United States District Court,

Western District of Washington), hereby acknowledges that s/he received a copy of the Order in

that action, has read the Order, understands it, and agrees to be bound by all the provisions

thereof.

DATED this _____ day of _____, 20____.


_____

Signature


_____

Print Name


**PROTECTIVE ORDER** - 7

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, WA 98101
206.442.9696