THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LONDI K. LINDELL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MERCER ISLAND, a Washington municipal corporation; MERCER ISLAND CITY MANAGER RICHARD CONRAD, in his official and individual capacities; MERCER ISLAND DEPUTY MAYOR JIM PEARMAN, in his official and individual capacities; MERCER ISLAND COUNCILMEMBER ERNEST JAHNCKE, in his official and individual capacities; MERCER ISLAND FINANCE DIRECTOR CHARLES CORDER, in his official and individual capacities,<br><br>    Defendants. | No. C08-1827RSM<br><br>DECLARATION OF STEPHANIE R. ALEXANDER IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>February 12, 2010 |

Stephanie R. Alexander, under penalty of perjury, states as follows:

1.    I am one of the attorneys representing the City of Mercer Island (the "City") and the individually named defendants in this matter. I am competent to testify and make this declaration based upon my personal knowledge.

---

DECLARATION OF STEPHANIE R.
ALEXANDER IN SUPPORT OF
DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER - 1

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, Washington 98101
(206) 372-6261

2.      Attached to this declaration as Exhibit 1 is a true and correct copy of a Public Records Act response, drafted on behalf of the City of Mercer Island (the "City") by then-City Attorney Londi Lindell. On the privilege log included with in this response, Ms. Lindell states that an investigation performed by attorney Amy Stephson for the City at Ms. Lindell's direction constitutes "attorney client privileged communications" and attorney "work product." It was on these and other bases that Ms. Lindell declined to produce Ms. Stephson's file in response to the Public Records Act request at issue.

3.      Attached to this declaration as Exhibit 2 is a true and correct copy of an October 2, 2007, memorandum written to the City by then-City Attorney Bob Sterbank "to provide [the City] with legal advice." The body of the memorandum has been redacted in order not to waive the City's attorney client privilege.

I make this declaration under penalty of perjury under the laws of the State of Washington.

Signed in Seattle, Washington, this ____ day of February, 2010.

_____
Stephanie R. Alexander

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Declaration of Stephanie R. Alexander in Support of Defendants' Motion for a Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott Blankenship
The Blankenship Law Firm, P.S.
1201 Third Ave., Suite 2880
Seattle, WA 98101
Phone: (206) 343-2700
Fax: (206) 343-2704
sblankenship@blankenshiplawfirm.com

DATED this 4th day of February, 2010.

/s/ Dawn Cunningham
Dawn Cunningham

---

DECLARATION OF STEPHANIE R. ALEXANDER IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 3

MICHAEL & ALEXANDER PLLC
701 Pike Street, Suite 1150
Seattle, Washington 98101
(206) 372-6261

Exhibit 1



**OFFICE OF THE CITY ATTORNEY**
9611 S.E. 36th Street • Mercer Island, WA 98040-3732
(206) 236-3571 • FAX: (206) 236-3651
www.ci.mercer-island.wa.us

September 2, 2005

Ira B. Appelman
6213 83rd Place SE
Mercer Island, WA 98040-4915

Re: Public Records Act Request

Dear Mr. Appelman:

In response to your Request for Access to Public Records dated August 15, 2005, we are providing you an opportunity to review the following documents:

1. Letter dated February 1, 2004 from Victor Broto to Mercer Island Council;
2. Letter dated March 11, 2004 from Mayor Merkle to Victor Broto;
3. Letter dated November 1, 2004 from Reed Hardesty to Salim Ebrahim;
4. Claim for Damages Form dated received October 8, 2004 from Salim Ebrahim;
5. Letter dated August 30, 2004 from Salim Ebrahim to Rich Conrad;
6. Letter dated September 14, 2004 from Salim Ebrahim to Rich Conrad
7. Letter dated September 15, 2004 from Salim Ebrahim to Rich Conrad
8. Transcript of Salim Ebrahim's voice mail messages to Mayor Merkle;
9. Claim for Damages Form dated September 26, 2003;
10. Settlement and Release Agreement dated October 27, 2003;
11. Invoice dated October 21, 2003 from Amy Stephson for Investigative Services for City Attorney;
12. Fax dated October 24, 2003 from Judicial Dispute Resolution, LLC and attachments;
13. Check No. 067631 from WCIA in the amount of $90,000

The City has redacted the name of the sexual harassment claimant for the following reasons: (i) the claimant's right to privacy under RCW 42.17.255; (ii) the claimant is no longer a City employee and thus, the claimant's name is not of "legitimate concern to the public" under RCW 42.17.255; and (iii) the City has entered into the above referenced Settlement and Release Agreement obligating it to maintain confidentiality of the claimant except as otherwise required by the Public Disclosure Act (Act) or a court order.

Telecommunications Device
for the Deaf (206) 232-9598


Printed on Recycled Paper

Ira B. Appelman
September 2, 2005
Page 2

I have also enclosed a Privilege/Exemption log specifying the documents the City will not be releasing under the Act and the legal basis for withholding such documents.

If you wish to copy any of the foregoing documents, please call me to make arrangements. The copying cost is $0.10 per page.

Should you have any additional questions, please do not hesitate to contact me.

Sincerely,

Londi K. Lindell
City Attorney

LKL:emr

Enclosure
C:     City Clerk

## Privilege/Exemption Log

The City is prohibited from releasing the following documents under the following applicable state laws and court rules:
- RCW 42.17.250 et seq., 42.17.310(1)(j); Civil Rule 26 - (work product exception - City Attorney's mental impressions, legal research, theories, opinions, conclusions and fact gathering documents);
- RCW 42.17.310(1)(i) (deliberative process and preliminary draft exemption);
- RCW 5.60.060(2) (attorney client privileged communications); Evidence Rule 408 and Civil Rule 26.

**Broto Matter**
1. 12 pages to City Attorney notes Re: Broto investigation (work product);
2. Fax to Mayor Merkle from Londi Lindell dated March 12, 2003 enclosing Memo to Mayor Merkle from Londi Lindell dated March 11, 2004 re: Broto Investigation (attorney client privileged communications and work product);
3. Email from Londi Lindell to Eileen Robinson and Craig Salzman dated March 9, 2005 (attorney client privileged communications);
4. Email dated February 5, 2004 from Londi Lindell to Council Members (attorney client privileged communications)

**Ebrahim Matter**
5. Memo dated October 15, 2004 to Mayor Merkle from Londi Lindell (attorney client privileged communications and work product)
6. 16 pages of City Attorney notes (work product)

**Harassment Matter**
7. 33 pages of handwritten/typed City Attorney notes (work product)



8. Legal Memorandum from Londi Lindell to Honorable Roselle Pekelis dated October 24, 2004 enclosing <u>Attorney Client Privileged and Confidential Investigative Report</u> to Londi Lindell from Amy Stephson dated October 15, 2003 and Memo to Richard Conrad from Alan Merkle dated October 16, 2003 (<u>attorney client privileged communications</u>, work product, deliberative process and preliminary draft);
9. Email from Deb Symmonds to Londi Lindell dated September 26, 2003 (attorney client privileged communications).
10. Fax dated October 16, 2003 to Claire Cordon from Londi Lindell with attachment (work product);
11. Fax dated October 10, 2003 from Eileen Robinson to Amy Stephson with attachments (work product, deliberative process and preliminary draft);
12. Fax dated September 26, 2003 from Eileen Robinson to Amy Stephson (work product, deliberative process and preliminary draft);
13. Letter dated October 20, 2003 from Amy Stephson to Londi Lindell with enclosures (work product, deliberative process and preliminary draft);

1

14. Letter dated October 21, 2003 from L. Lindell to Jean Magladry (work product) enclosing Memo to Richard Conrad from Alan Merkle dated October 16, 2003;
15. Email from Jean Magladry to Londi Lindell dated October 16, 2003 (work product);
16. 115 pages of City Attorney legal research (cases, employment law) with City Attorney notes (work product).
17. Letter dated November 4, 2003 to WCIA from Londi Lindell (attorney client privileged communications, work product);
18. Fax dated November 10, 2003 from Londi Lindell to Peg Campbell (attorney client privileged communications, work product);
19. Letter dated November 12, 2003 from WCIA to Londi Lindell with attachment (attorney client privileged communications, work product);
20. Fax to Washington Cities Insurance Authority from Londi Lindell with attachment dated Oct 23, 2003 (attorney client privileged communications, deliberative process and preliminary draft);
21. Various prior drafts of Settlement and Release Agreement with City Attorney's handwritten notes and revisions (work product);
22. Email dated October 17 from Londi Lindell to Eileen Robinson (attorney client privileged communications);

Exhibit 2



## Confidential And Privileged Attorney-Client Communication
### City Attorney's Office

Date:      Wednesday, October 3, 2007

To:        Rich Conrad, City Manager
           Londi Lindell, Deputy City Manager
           Peter Mayer, Assistant City Manager / Parks Director

From:      Bob C. Sterbank, City Attorney

RE:        ██████████████████

This memorandum is to provide you legal advice

**Background**

Memo to Conrad, Lindell and Mayer
Re: ▮▮▮▮▮▮▮▮▮
October 3, 2007

MFR
MI-C&S 3-162

Memo to Conrad, Lindell and Mayer
Re: ███████████
October 3, 2007

B. City Exposure to Liability

Memo to Conrad, Lindell and Mayer
Re: ▬▬▬▬▬▬▬
October 3, 2007

**Legal Discussion**

MFR
MI-C&S 3-163

Memo to Conrad, Lindell and Mayer
Re: ███████████
October 3, 2007

MFR
MI-C&S 3-165

Memo to Conrad, Lindell and Mayer
Re: ███████████
October 3, 2007

**Conclusion**

Memo to Conrad, Lindell and Mayer
Re: ▮▮▮▮▮▮▮▮
October 3, 2007

d

MFR
MI-C&S 3-167