UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONDI K. LINDELL,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF MERCER ISLAND, et al.,<br><br>          Defendants. | CASE NO. C08-1827JLR<br><br>ORDER COMPELLING PRODUCTION OF ALL DOCUMENTS RELATING TO THE SEGLE INVESTIGATION |

This order is a continuation of the court's prior order regarding Defendant City of Mercer Island's ("the City") privilege log. (*See* Dkt. ## 171, 173, 179.) The court has reviewed the memoranda filed by the parties with respect to document number 24908 (Dkt. ## 180, 181), which is an email from attorney Mike Bolasina to outside investigator and attorney Marcella Fleming Reed dated November 20, 2007. As explained in the court's prior order (Dkt. # 179), the Bolasina email confirms the City's waiver of the attorney-client privilege as to "all communications involving Bob [Sterbank] on matters arising from the Segle disciplinary matter." The court ordered the production of the

ORDER- 1

Bolasina email and requested additional briefing as to the extent of the City's waiver of the attorney-client privilege.

The City responds by arguing (1) the use of the term "waiver" was inartful and inaccurate; (2) the attorneys representing the City "erroneously" believed that providing privileged information to Ms. Reed would violate the RPCs and thus asked the city council to waive the privilege; (3) the privilege, if waived, is strictly limited to Bob Sterbank; and (4) the Ninth Circuit recognized a limited waiver in *Hernandez v. Tanninen*, 604 F.3d 1095, 1098 (9th Cir. 2010). (Def. Mem. (Dkt. # 180) at 1-2.) The court addresses each argument in turn.

First, the court disagrees that the City's wavier of the the attorney-client privilege was merely "inartful." The Bolasina email states that the city council "formally and officially waived the attorney client privilege." There is nothing equivocal about this communication. The court simply cannot accept the argument that this was just an inartful expression of the nature of the City's disclosure of the Bob Sterbank memorandum regarding the Segle investigation. In fact, from the court's review of the record, it appears that the City's attorneys, both inside counsel and outside counsel, were collectively under the misimpression—if indeed it was a misimpression—that a waiver was required before Ms. Reed could review the privileged materials.

This also forecloses the second argument made by the City: that there was an erroneous assumption that a waiver was required for Ms. Reed to conduct the Segle investigation. It appears that the City may have originally taken the position that Ms. Reed's investigation was not privileged—a position also taken by Ms. Lindell in this

ORDER- 2

litigation—but now contends that it was part of a privileged investigation. Regardless, the City cannot un-ring the proverbial bell.[1] The court finds that the City waived the attorney-client privilege as to communications involving Bob Sterbank on matters arising from the Segle disciplinary matter.

The court next addresses the fact that the City waived the privilege as to (1) communications involving Mr. Sterbank; and (2) matters arising from the Segle disciplinary matter. The City argues that waiver of the privilege only applies when the above two criteria are met. The court finds that this selective disclosure is not appropriate under the circumstances in this case. Ironically, both parties cite *Hernandez* in support of their arguments as to the extent of the waiver. The City cites *Hernandez* for the proposition that a "party disclosing privileged communications [can] do so only as to his communications with his attorney about a key witness, waiving the attorney-client privilege only as to that matter." (Def. Mem. at 2 (quotations omitted).) Ms. Lindell cites this case for the proposition that "a waiver of privilege extends to all communications regarding the same subject matter." (Pl. Mem. (Dkt. #181) at 3.)

The court, having reviewed the *Hernandez* decision, can find support for both positions as to the extent of the waiver. The Ninth Circuit's holding in *Hernandez* seems to be limited to the facts in that case, however. 604 F.3d at 1101 ("Because [plaintiff] Hernandez only waived privilege with respect to his communications with [his attorney] about [third-party witness], as well as [his attorney's] communications and work product

---

[1] Or, to use another apt legal metaphor, the City cannot use the waiver of the attorney-client privilege as both a sword and a shield.

relating to [attorney's] interaction with [third-party witness], the district court clearly erred in finding a blanket waiver of the attorney-client and work product privileges as to the entire case."). The Ninth Circuit recognized a limited disclosure based on the subject-matter of the waiver and found the interview with the third-party witness to be the subject matter at issue. In reaching this holding, the Ninth Circuit cited a number of decisions wherein it held that a limited disclosure is based on the "subject-matter" of the waiver. *Id.* ("Disclosure constitutes a waiver of the attorney-client privilege, however, 'only as to communications about the matter actually disclosed.'") (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see also United States v. Plache*, 913 F.2d, 1375, 1380 (9th Cir. 1990) (finding disclosure of a privileged communication waived the privilege "on all other communications on the same subject"); *United States v. Mendelsohn*, 896 F.2d 1183, 1189 (9th Cir. 1990) (affirming decision confining testimony based on waiver to the subject of the waiver). The City did not waive all communications involving Bob Sterbank; only those relating to the Segle investigation. The court is satisfied that the subject-matter at issue in the waiver was the Segle investigation and therefore the disclosure of some of the privileged material relating to the Segle investigation acted as a waiver "on all other communications on the same subject."

Accordingly, the court ORDERS as follows:

- The City shall produce all materials relating to the Segle investigation by no later than 5:00 p.m. on Wednesday, September 29, 2010; and

ORDER- 4

- The City shall file an amended objections log (*see* Dkt. # 178), showing by strikethrough or other equivalent method, the documents provided to Ms. Lindell.

The court will consider Ms. Lindell's request for payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) only after the parties have complied with this order and participated in mediation. Based on a mediation date of October 12, 2010, the court orders the following briefing on the issue of Ms. Lindell's expenses as follows:

Plaintiff's motion for expenses filed by October 18, 2010;

Defendants' response filed by October 22, 2010; and

Plaintiff's reply filed by October 27, 2010.

Dated this 27th day of September, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 5