THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONDI K. LINDELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF MERCER ISLAND, a Washington municipal corporation; MERCER ISLAND CITY MANAGER RICHARD CONRAD, in his official and individual capacities; MERCER ISLAND DEPUTY MAYOR JIM PEARMAN, in his official and individual capacities; MERCER ISLAND COUNCILMEMBER ERNEST JAHNCKE, in his official and individual capacities; MERCER ISLAND FINANCE DIRECTOR CHARLES CORDER, in his official and individual capacities,<br><br>　　　　　Defendants. | No. C 08-1827 JLR<br><br>DECLARATION OF LONDI LINDELL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PUBLIC RECORD ACT CLAIMS<br><br>NOTE ON MOTION CALENDAR:<br>January 28, 2011 |

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page i

THE BLANKENSHIP LAW FIRM, P.S.

28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

I, Londi K. Lindell, being duly sworn on oath under penalty of perjury under the laws of Washington State and the United States depose and say:

1. I am the Plaintiff in the above-captioned matter.

2. I am over the age of eighteen and competent to testify to the matters set forth herein based upon my personal knowledge.

3. I served the City of Mercer Island for approximately eight years, first as City Attorney, and then, after being promoted to second-in-command, as Deputy City Manager. Throughout my employment, I always received the highest rating for my performance ("outstanding") from City Manager Rich Conrad ("City Manager Conrad"), who praised me for my work and loyalty.

4. In the fall 2007, I had serious concerns regarding the conduct of City Manager Conrad and Human Resource Director Kryss Segle ("HR Director Segle"). City Manager Conrad had previously been disciplined for soliciting sex from the City Clerk, a female subordinate employee, with HR Director Segle also being disciplined for failing to report the employee's complaint of sexual harassment and retaliation for over two years. After an independent investigation into City Manager Conrad's conduct by investigator Amy Stephenson, the matter was mediated and resulted in the employee leaving the City and being paid approximately $90,000 and Mr. Conrad being disciplined.

5. My serious concerns about Conrad and Segle's relationship included City Manager Conrad inappropriately interfering in the discipline of HR Director Segle's husband, Johnny Segle, a City maintenance employee, for his violations of the City's sexual harassment policy after Ms. Segle asked Mr. Conrad to intervene on her husband's behalf. In addition, I was concerned when Mr. Conrad opposed disciplining HR Director Segle for actually writing her husband's grievance in direct violation of City policy and Mr. Conrad's refusal to discipline Ms. Segle for joking about possibly exposing her naked genitalia when she failed to wear underwear to work. I worried that history was repeating itself, with Conrad now covering for

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 1

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

the Segles' breaches of the City's anti-harassment policy just as Segle had covered for Conrad earlier for his breaches of the City's anti-harassment policy when he propositioned a female subordinate for sex.

6. City Attorney Sterbank wrote a legal memorandum on October 3, 2007 to City Manager Conrad with copies to myself and Assistant City Manager/Parks Director Pete Mayer, advising City Manager Conrad that such conduct could place the City at risk by undermining the City's ability to discipline employees and by tolerating sexual harassment. ("Sterbank Memo"). The Sterbank Memo also warned that other Directors, including myself, "perceive the relationship [between Conrad and Segle] to be similar in character to the City Manager's former City Clerk" and "express confusion . . . at the emotional nature of the City Manager's reaction to Ms. Segle's resignation threat." Notably, the only two Directors cited by name – myself and Assistant City Manager Pete Mayer – were ultimately pushed out of the City, along with Mr. Sterbank.

7. City Manager Conrad asked me to perform a sham investigation to "clear his name" and invalidate the Sterbank Memo, where he would select the witnesses, write the questions and sit in the room while I interviewed the witnesses about his conduct. I refused to perform an investigation that was not compliant with the City's sexual harassment policy. Conrad and the City then hired outside investigator Marcella Reed to conduct an investigation ("Reed Investigation"). On December 3, 2007, after completing thirteen interviews of Mercer Island employees and reviewing voluminous documents, Investigator Reed provided the City an "investigation status," which substantiated my concerns including that City Manager Conrad and HR Director Segle had "an emotionally intimate relationship" which Segle used "to influence the disposition of discipline issued to her husband." Reed also concluded that my concern over Mr. Conrad's refusal to discipline Ms. Segle for joking about her failure to wear underwear to work and possibly flashing a police employee could result in "potentially successful gender discrimination, sexual harassment, and hostile work environment claims."

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

8. As soon as Ms. Reed was retained to perform an investigation into the "C&S Investigation" [Conrad and Segle Investigation], I was targeted for retaliation by Mr. Conrad and others because my testimony to Ms. Reed was damaging to Mr. Conrad. In Reed's "Investigation Status", she predicted Mr. Conrad would not be able to control himself and would retaliate against me.

9. I was told by Mr. Conrad and Councilmember Dan Grausz that Marcella Reed would be giving the City Council her report on December 3, 2007 and Mr. Grausz told me "things weren't looking good for Mr. Conrad". On December 5, 2007, two days after Ms. Reed made her presentation to the City Council, I was told that Ms. Reed had been fired and that the City Council would be conducting their own investigation with then Mayor Bryan Cairns, then Deputy City Manager Jim Pearman, and Defendant El Jahncke – all having no experience or training in conducting investigations into sexual harassment or retaliation. I was directed to make myself available on December 6, 2007 to be interviewed by them. I was contacted while on vacation by these three Councilmembers and asked questions that made it clear the Council was re-focusing the inquiry into whether my actions had been appropriate in writing a chronology describing Ms. Conrad and Ms. Segle's misconduct for Ms. Reed and my testimony to Ms. Reed as opposed to the misconduct of Mr. Conrad and Ms. Segle. I later learned that other witnesses interviewed by these three Councilmembers were asked whether or not I wanted Mr. Conrad's job or whether they believed I was part of a conspiracy with City Attorney Sterbank to get Mr. Conrad's job, which was nonsense and false.

10. Investigator Reed's conclusions about my retaliation proved all too prescient, and on or around December 17, 2007, just fourteen days after Reed delivered her findings to the City Council, Mayor Cairns called a meeting of all the City Directors and informed me (along with Bob Sterbank) that we should leave Mercer Island and seek other employment.

11. In April 2008, soon after I hired legal counsel believing that my impending termination violated my civil rights and shortly after my lawyer wrote Mr. Conrad a letter

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

asking him to cease his retaliation against me, I was fired without any due process or *Loudermill* hearing.

12. In May 2008, I filed a Public Records Act (PRA) request with the City. Notwithstanding my request that the City identify any withheld documents in a privilege log, I didn't receive the log until seven months after my initial PRA request. The withholding log failed to set forth a brief explanation of how the exemption applies to the record withheld and failed to even identify the subject matter of the records. When I reviewed the log, I believed that a majority of the purportedly "exempt" records were being wrongfully withheld. Indeed, among the voluminous records the City claimed were exempt under the attorney-client privilege and/or work product doctrine, the City listed at least two hundred and sixty-eight (268) records that I believed were public records that should be produced under the PRA.

13. I am aware that the City still withholds public records from me that the City has failed to list on its exemption or privilege log. In May 2008, I requested Rich Conrad's phone records from his blackberry, cell phone, City desk phone and home phone from September 1, 2007 until the present. I have not received these public records and the City has not listed these records on its privilege log. I am aware that attorney Kelby Fletcher wrote to the City after the City threatened to file a bar complaint against Mr. Sterbank explaining why any privilege or work product surrounding the Segle investigation had been waived. I have still not received this document and it is not listed on the City's privilege log. I requested copies of family and personal photos that were downloaded on my work computer and the City has refused to provide these to me.

14. The City's refusal to produce these public records to me have had an economic impact on me. I have sought alternative employment since my wrongful firing and every time I have been interviewed for a position, I am asked to explain the facts surrounding my termination. In one interview, this was the first question I was asked. The City's threat to file a bar complaint against me if I discuss these facts and my inability to use Ms. Reed's

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

investigation status to clear my name have adversely impacted my ability to clear my name from the false claims the City has made about my character, honesty and integrity. Any search of the court filings by a potential employer reveals that my former employer accuses me of being "deceitful and dishonest" and "disclosing client confidences". Further the City has filed pleadings accusing me of attending sex counseling, being an alcoholic, using illegal drugs and various other attacks on my character. Not having access to the Reed Investigation material made it impossible for me to defend my reputation and character.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 5

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

I declare under penalty of perjury under the laws of the United States and Washington State that the foregoing is true and correct to the best of my knowledge and belief.

SWORN TO this 6th day of January, 2011.

By: _____
Londi K. Lindell

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I mailed or caused delivery and/or electronically filed a true copy of this document, which will send notification of such filing, to the following persons:

Stephanie R. Alexander, Esq.
Suzanne K. Michael, Esq.
Thomas P. Holt, Esq.
Michael & Alexander, PLLC
One Convention Place
701 Pike Street, Suite 1150
Seattle, WA 98101
Telephone: (206) 442-9696
Fax: (206) 442-9699
Email: stephanie@michaelandalexander.com
       suzanne@michaelandalexander.com
       thomas@michaelandalexander.com

*Attorneys for Defendants*

DATED this 6th day of January, 2011, at Seattle, Washington.

/s/ Scott C.G. Blankenship
Scott C. G. Blankenship, WSBA No. 21431
The Blankenship Law Firm, P.S.
1201 Third Avenue, Suite 2880
Seattle, WA 98101
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email: sblankenship@blankenshiplawfirm.com

DECLARATION OF LONDI LINDELL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PUBLIC RECORD ACT CLAIMS
(Cause No. C 08-1827 JLR) Page 7

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

fa060604