1

2

3

4

5                                              THE HONORABLE JAMES L. ROBART

6

7

8

9                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
10                                  AT SEATTLE

11   LONDI K. LINDELL,
                                               No. CV 08-1827 JLR
12               Plaintiff,
                                               DECLARATION OF ALLISON
13         v.                                  GOODMAN IN SUPPORT OF
                                               PLAINTIFF'S OPPOSITION TO
14   CITY OF MERCER ISLAND, a Washington       DEFENDANT'S MOTION TO DISMISS
     municipal corporation; MERCER ISLAND CITY
15   MANAGER RICHARD CONRAD, in his official
     and individual capacities; MERCER ISLAND
16   DEPUTY MAYOR JIM PEARMAN, in his
     official and individual capacities; MERCER
17   ISLAND COUNCILMEMBER ERNEST
     JAHNCKE, in his official and individual
18   capacities; MERCER ISLAND FINANCE
     DIRECTOR CHARLES CORDER, in his official
19   and individual capacities,

20               Defendants.

21

22

23

24

25

26

I, Allison Goodman, being duly sworn on oath under penalty of perjury under the laws of Washington State and the United States depose and say:

**BACKGROUND**

1.      I am over the age of eighteen and competent to testify to the matters set forth herein based upon my personal knowledge.

2.      I am the President of eDiscovery Inc., a consulting firm that provides computer forensic services and electronic discovery consulting to law firms and corporate counsel nationwide. I am a Certified Computer Examiner and have forensically examined hundreds of hard drives throughout the course of my career. I have the requisite knowledge, experience and training to analyze and inform the court on issues related to the forensic examination of computer hard drives. A copy of my curriculum vitae, along with a list of the cases in which I have testified is attached as Exhibit 1. I have been qualified and testified as an expert in court and in mandatory arbitration with JAMS.

3.      I was retained by The Blankenship Law Firm on Tuesday, March 15, 2010, to evaluate the opinions offered by Allan Muchmore in this matter. I know Mr. Muchmore, as he has hired me on a number of instances to perform computer forensic exams for his clients. I did not realize Mr. Muchmore performed computer forensics examinations. It was my understanding that his primary work was to provide IT support to law firms.

4.      However, I believe Mr. Muchmore is intelligent and ethical and when presented with the evidence set forth below, he will agree that the evidence does not support an assertion that Londi Lindell used the CCleaner program or that the free space[1] of the hard drive in her computer has been wiped.

---

[1] The "free space" of a hard drive is the area of the hard drive that the operating system identifies as being available for data storage (it is "free" or "unallocated"). Files that have been deleted will still exist in this part of the hard drive unless they have been overwritten by other data. "Wiping" a hard drive overwrites all of the data with other characters so none of the deleted information can be recovered.

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Cause No. CV 08-1827 JLR) Page 1

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

5.      I have reviewed a CD from Blank Law + Technology that I have been told is the same data that Blank Law + Technology provided to Mr. Muchmore.  The data I received includes active files (files that have not been deleted); files or data segments recovered from the free space of the hard drive (information that has been deleted); registry files and a spreadsheet of all of the active files on the hard drive (which identified 741,748 items).

### USE OF CCLEANER PROGRAM

6.      Mr. Muchmore has identified and opined on three events:

a. That CCleaner was installed on March 11, 2010 and executed the same day;

b. That CCleaner was again executed on August 21, 2010; and

c. Based on his testing, that CCleaner was configured to wipe the free space of the hard drive.

7.      In addition to the data identified above, I have also spoken with Blake Weibling, a computer repair technician at PC Doctor in Bellevue.  Mr. Weibling had copies of invoices created by his company that showed PC Doctor had possession of the Dell laptop on both March 11, 2010 and August 21, 2010.  The laptop had been brought in for repair and it was assumed it had been infected with a virus.  See paragraphs 6 and 9 of Blake Weibling's Declaration and the attached exhibits.

8.      It is Mr. Weibling's standard practice to install and run CCleaner when a computer has been impacted by a virus.  *Id.* at ¶7.   And it was Mr. Weibling that installed CCleaner on Ms. Lindell's Dell laptop and ran it on both March 11, 2010 and August 21, 2010.  Since the installation and use of this program was not identified on the invoices, Ms. Lindell had no idea this work had even been done.

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

## CCLEANER PURPOSE AND FUNCTION

9.    CCleaner is **not** a "wiping program" and is not designed to "permanently remove information from a computer." By default CCleaner removes temporary internet files and other system files. This is the information provided on the CCleaner website:

**CCleaner**
*Optimization and Cleaning*

CCleaner is the number-one tool for cleaning your Windows PC. It protects your privacy online and makes your computer faster and more secure. Easy to use and a small, fast download.

10.    CCleaner is not designed to eliminate email or any user-created documents. The screenshot on page 11 of Muchmore's Dec shows the categories of files that CCleaner impacts. These include system files created by Internet Explorer, Windows Explorer and the overall operating system. For the most part, these are files that the average user does not even know exist and often cannot even be viewed by most users. None of the files CCleaner deletes would be within the scope of discovery requests or be considered "reasonably accessible" under FRCP 26.

11.    Furthermore, CCleaner does not "permanently remove information from a computer". CCleaner does have the **option** of overwriting the free space of the hard drive. See Declaration of Allan Muchmore, ¶7 and the screenshot on page 11 identified above. As noted by this screenshot and acknowledged by Mr. Muchmore, this option is not selected by default.

12.    **Only if the option to wipe the free space of the hard drive is selected would CCleaner "permanently" delete any data.** Mr. Muchmore acknowledges that he and Blank Law + Technology both have the tools necessary to recover the deleted data from the free space of a hard drive if the hard drive has not been "wiped."

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## CCLEANER OPTION TO WIPE FREE SPACE NOT USED

13.     The standard use of CCleaner would not permanently remove data.  I have recovered thousands of files after individuals have used CCleaner on their computers.  The option to wipe the free space of the hard drive would need to be selected in order to permanently remove any data.  And the registry entries Mr. Muchmore relies on to show that CCleaner was installed and executed show that the "Wipe Free Space" option was **not** selected. See screenshots on pages 7 and 8 of the Muchmore Dec. which show the Wipe Free Space option as "False."

14.     Despite this clear evidence that the Wipe Free Space option for CCleaner was not selected, Mr. Muchmore conducted testing and determined that at one point the Wipe Free Space box was checked and then unchecked.   ¶8(vi).  Mr. Muchmore is correct – the Wipe Free Space box was checked and then unchecked.  Mr. Weibling acknowledges that when he uses CCleaner he uses all of the options EXCEPT wiping the free space.  ¶10 of Weibling Dec. He does this by clicking once on the Advanced Options tab which automatically selects ALL of the options and then he deselects (or unchecks) the Wipe Free Space option.  Because the free space of a hard drive is generally very large (possibly hundreds of gigabytes), wiping the free space can be very time-consuming.

15.     I have tested the exact scenario Mr. Weibling describes and the following is a screenshot of the registry entries from my testing.

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

The Wipe Free Space option is identified as False – just as it is in the registry entries from Ms. Lindell's Dell laptop.  Screenshots on pgs. 7, 8 and 14 of Muchmore Dec.

16.     But what is even more important is that these registry entries were made and the CCleaner program was never executed.  This is consistent with Mr. Muchmore's testing and conclusions identified in ¶8(vii) where he states that the option to Wipe Free Space was checked and then unchecked.  At no point does Mr. Muchmore identify testing or other evidence to show that the CCleaner program was executed or actually used when the Wipe Free Space option was checked.

### THE HARD DRIVE HAS NOT BEEN WIPED

17.     Mr. Muchmore does not state that the hard drive was wiped, but his Declaration does tend to leave that impression.  But Mr. Muchmore either failed to examine or failed to identify evidence he was provided that proves conclusively that the free space of the hard drive was **not** wiped in either March or August 2010.

18.     Attached as Exhibit 2 is a document that was contained on the CD I received from Blank Law+Technology.  This is the same data that I have been told was provided to Mr. Muchmore.  Note the file name at the bottom of the document is

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 5

"D:/DriveFreeSpace00117[751267].  The name of this document shows that this data was carved from the "Drive Free Space" or the free space of the hard drive.  This is the part of the hard drive that would have been wiped if CCleaner had been used for that purpose.

19.     This document shows a login to the bhansenstair@hotmail.com account, similar to what is described by Mr. Muchmore in ¶8(b)(i) of his declaration.  It is the type of **temporary** data that Windows and Internet Explorer capture during Internet activity.  The document does not have all of the graphics or advertisements that appear when a person logs into Hotmail or other web-based email accounts, and it is **not** interactive (e.g., you cannot actually see the data within each of the folders like you could if you were logged into the email account).

20.     The first and second pages list the folder structure (Inbox, Junk, Drafts, Sent, etc.) and the last two pages list the email that appears when a user first logs in to their account.  Again, it is not possible to read or view the email that is listed on this page.  This document is simply capturing what gets displayed on the computer screen when a user logs into their web-based email account.

21.     But what this document does show is email that is dated from June 10, 2009 through August 27, 2009.  The most recent email entry on this document is for the day it was viewed and the second entry was the previous day (identified as "Yesterday").  I was able to view this particular Hotmail account and determined that the email with the subject line "Fwd: Grand Canyon May 18 -2010" is still in existence and is dated August 26, 2009.  The following is an excerpt from a screenshot of that particular Hotmail account.  The screenshot of the entire account is attached as Exhibit 3.

⌐   cardiacrep                    Fwd: Grand Canyon May 18 - 2010                8/26/09

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

22.     The existence of this data conclusively proves that the hard drive was **not** wiped by the CCleaner program. If the free space of the hard drive had been wiped in either March or August of 2010, then this information would have been eliminated – or as defendants have asserted, permanently removed. This document would have been created within the Temporary Internet folder which is the exact type of data that CCleaner is designed to remove. This data was generated on the hard drive on August 27, 2009 (the date the user logged into the Hotmail account). If the option to wipe the free space of the hard drive had been selected in either March or August of 2010, Blank Law+Technology would not have been able to recover this data from the hard drive.

23.     This is not the only document that Blank Law+Technology recovered from the free space of the hard drive that was created prior to March, 2010, when the CCleaner program was installed. If there is a suspicion that the free space of a hard drive is wiped, one of the first things a computer forensic examiner would do is try and determine what currently exists in the free space. During a full exam, that can often be challenging because (as noted previously) the free space of a hard drive is generally very large. In this instance Mr. Muchmore was provided with just a subset of data and there were only 331 files that were carved from the free space of the hard drive. If Mr. Muchmore was attempting to determine whether the free space of the hard drive had been wiped, I would have expected him to examine the files that had been recovered from that free space just as I have done.

### VIEWING TOTALITY OF EVIDENCE

24.     The mere existence of a program such as CCleaner is not sufficient to support an allegation that a party has engaged in inappropriate conduct or deliberately attempted to destroy evidence. It is necessary to view all of the evidence in its totality. I have examined hundreds of hard drives and many of those contained the CCleaner program. As Mr. Weibling has identified, it can be considered a useful program.

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 7

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

25.     In this case, CCleaner was last executed in August and the computer hard drive was not imaged until November.  And the CCleaner program was not uninstalled.  This is very inconsistent with what I have observed during my years as a computer forensic examiner.  I have worked on many other cases where different programs were used to eliminate data – programs specifically designed for this purpose such as "Evidence Eliminator".  Unlike CCleaner, Evidence Eliminator wipes the free space of the hard drive by default.  And in all such cases, the programs had been uninstalled before I imaged the hard drive for examination.

26.     I have seen nothing that instructed Ms. Lindell to preserve Internet activity and without such specific instruction it is unreasonable to expect a computer user to know that such information was potentially relevant.   Virtually all average computer users and even some IT technicians do not realize that web-based email can be captured on the hard drive just like any other Internet activity.   While many computer users have a vague understanding that some of their Internet activity is being captured, I have never encountered an average computer user that realized that portions of their web-based email may be captured.   When it is explained that viewing web-based email is just like any other Internet activity, then it makes sense that email data may be captured, but it is unreasonable to expect a user to know this without specific instruction.  And as shown by Exhibit 2, the "email" that is captured is not the real email.

## NO EVIDENCE THAT ANY EMAIL WAS LOST OR DESTROYED

27.     Exhibit 3 shows email that still exists in the bhansenstair@hotmail.com account. Exhibit 2 represents data from the Temporary Internet folder which is the exact type of data that CCleaner is designed to remove.  This data was recovered from the free space of the hard drive. So not only was the free space of the hard drive not wiped, but nothing was done to the actual email.  Using CCleaner has no impact on the actual email.

## CONCLUSION

28.     The free space of this hard drive was not wiped in March or August 2010.

29.     Ms. Lindell did not install or use the CCleaner program.

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 8

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

30.     There is no evidence that relevant emails, documents, or other non-temporary or system files have been deleted and Ms. Lindell's entire Live email account has been preserved.

I certify or declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct:

SWORN TO this /8ᵗʰ day of March, 2011 at Seattle, Washington.

By: _____
        Allison Goodman

fc180603

DECLARATION OF ALLISON GOODMAN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS (Cause No. CV 08-1827 JLR)
Page 9

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

Exhibit 1.



**Allison Goodman**
President

eDiscovery Inc.
2018 155th Ave NE, Suite 100
Bellevue, WA  98007

206-588-3054 (Office)
206-226-9311 (Cell)

agoodman@ediscoveryinc.com

## Allison Goodman, CCE

Allison Goodman is the President of eDiscovery Inc., a consulting firm that provides electronic discovery and computer forensic services to law-firms and corporate counsel nationwide.

Prior to founding eDiscovery Inc. Ms. Goodman was an electronic discovery and computer forensics consultant at Computer Forensics Inc. and Navigant Consulting, Inc.

Ms. Goodman is a Certified Computer Examiner with more than 20 years experience in managing electronic discovery issue and over six years as a computer forensic examiner.  She has been trained or has experience with all major electronic discovery and computer forensic programs such as EnCase, Forensics Tool Kit, X-ways, Summation and Concordance. Ms. Goodman has provided expert testimony in numerous cases involving electronic discovery and computer forensics.

### Selection of Relevant Experience

»  *Computer Forensic Projects* – Ms. Goodman has imaged and examined hundreds of hard drives to ascertain computer activity (copying files, inappropriate Internet activity by employees, use of certain programs, etc.).  She has significant experience in drafting reports and declarations.

»  *Intellectual Property Theft* – Ms. Goodman has worked on many cases involving the potential theft of intellectual property and has located and identified data on hard drives that often results in a timely resolution of the matter.

»  *Spoliation*– During her computer forensic examinations, Ms. Goodman has located and identified numerous programs designed to eliminate data and can frequently determine if these programs were actually executed on the hard drive at issue.

»  *eDiscovery Consultation* – Ms. Goodman has worked with several governmental agencies and many of the nation's major law firms and corporations to assist in properly identifying and preserving potentially responsive data within reasonable parameters.

»  *Expert Testimony* – Ms. Goodman has testified in court, at depositions and in private arbitration hearings as well as through dozens of declarations.

### Publications

»  *Identification, Collection and Preservation of ESI,* Keeping up with eDiscovery, NBI – 2009

»  *Native File Review – Low Cost Options*, WSPA 3rd Annual Litigation Technology Conference - 2007

»  *Advanced Civil Discovery*, Institute for Paralegal Education, NBI - 2000.

»  *Discovery Techniques,* Institute for Paralegal Education, NBI – 1998.

## Lectures, Courses, and Presentations

»   *eDiscovery Certification Program,* University of Washington, Guest Speaker – April, 2010

»   *Women in eDiscovery,* Collection Options – March, 2009

»   *National Institute of Business Seminar,* Keeping up with eDiscovery – November 2008

»   *Litigation Technology Conference*, Washington State Paralegals Association – February 2007

»   *Computer Forensics Certification Program,* University of Washington, Guest Speaker – October 2006 and October 2005.

»   *Electronic Discovery Training,* Washington State Attorney General's Office, Lacey, WA – September 2005.

»   *Computer Forensics,* ARMA, Fort Worth Chapter, Fort Worth, TX - May 2005.

»   *Current Issues in E-Discovery,* Washington State Paralegal Association (WSPA), Seattle, WA - February 2005.

»   *Superior Legal Document Drafting Techniques,* National Business Institute, Seattle, WA - November 2004.

»   *Relevant Case Law for the Non-Lawyer,* LawNet, Web Seminar - October 2004.

»   *Sarbanes Oxley Experience,* Association for Information and Image Management (AIIM) and Association of Records Managers and Administrators (ARMA), Seattle, WA - October 2004.

»   *The Artful Use of E-Discovery and Litigation Specialists,* Litigation Information Management, Inc. and Computer Forensics Inc., Portland, OR - September 2004.

»   *Advanced Civil Discovery for the Litigation Paralegal in Washington,* Institute for Paralegal Education, NBI, Seattle, WA - October 2000.

»   *Civil Procedure – Managing Documents,* University of Washington School of Law, Arthur J. Lachman, Adjunct Professor, Seattle, WA - January 1999.

»   *Paralegals and the Litigation Team in Washington*, Institute for Paralegal Education, NBI, Seattle, WA - June 1998.

## Education and Certifications

Certified Computer Examiner (CCE), International Society of Forensic Computer Examiners

A+ Certification Program, Bellevue Community College

Network+ Certification Program, Bellevue Community College

X-Ways Certification Training Program

SQL Database Programming

Access Data Boot Camp (Forensic Tool Kit)

**Allison Goodman, CCE**

**Declarations**

- M & F Fishing, et al. v. Sea-Pac Insurance Managers, et al., San Diego Superior Court No. GIC 826769. December 2006.
- Niall Gallagher v. Michael H. Girton, et al., King Co. Superior Court No. 06-2-20927-3 SEA. February 2007.
- Shirk, et al. v. Fifth Third Bancorp, et al., So. District Ohio, Western Division No. 05-cv-00049. July 2007.
- Contemporary Services Corporation v. Grant Haskell, King Co. Superior court No. 06-2-32584-2 SEA. October 2007.
- Jelena Helen Rakic v. Anne Michelle Walker, King Co. Superior Court No. 07-2-08976-4 SEA. October 2007.
- Fluke Corporation, Danaher Corporation v. Jon Morrow, King Co. Superior Court No. 08-2-08754-9 SEA. March 2008
- Gary Kuhar v. Underwriters at Lloyds of London, et al., King Co. Superior Court No. 08-2-02169-6 SEA.  May 2008.
- Datadot Technology USA, Inc. v. Stuart Cutler, et al., King Co. Superior Court No.  08-2-09332-8 SEA. July 2008.
- Warren v. Lossing, et al., King Co. Superior Court No. 07-2-22182-4 SEA. July 2008.
- Eric Howk v. Gary Vasseur et al., King Co. Superior Court No. 07-2-28760-4 SEA.  September 2008.
- Le & Associates PS v. Diaz-Luong et al., King Co. Superior Court No. 07-2-39131-2 SEA. August 2009.
- Kollar v. Bank of America et al., King Co. Superior Court No. 08-2-32353-6 SEA. December 2009.
- Citizens for Sustainable Development v. Washington State Department of Ecology, King Co. Superior Court No. 10-2-21751-7 SEA. October 2010.
- Raceway Park, et al., v. Meridian Sunrise Village et al., Piece Co. Superior Court No. 10-2-06523-2. October 2010.
- Mircosoft v. M. Miszewski, King Co. Superior Court No. 11-2-04589-7 SEA. February 2011.
- Steve Lodis and Deborah Lodis v. Corbis Holdings, Inc. et al., King Co. Superior Court No. 08-2-20301-8 SEA. February 2011.

**Depositions**

- Contemporary Services Corporation v. Grant Haskell, King Co. Superior court No. 06-2-32584-2 SEA.  October 2007.
- Le & Associates PS v. Diaz-Luong et al., King Co. Superior Court No. 07-2-39131-2 SEA. August 2009.

**Trial/Arbitration**

- Le & Associates PS v. Diaz-Luong et al., King Co. Superior Court No. 07-2-39131-2 SEA. August 2009.
- Private Arbitration/JAMS

Exhibit 2.

bhansenstair@hotmail.com

- **Inbox (1)**
- Junk
- Drafts
- Sent
- Deleted
- property room

Manage folders
Add an e-mail account
Related places

- Today
- Contact list
- Calendar

Privacy ⊡

- New
- |
- Delete
- Junk
- |
- Mark as ▼
  - Unread
  - Read
- Move to ▼
  - Inbox
  - Junk
  - Drafts
  - Sent
  - Deleted
  - property room
- |
- ☐
- 🖾 ▼
  - Help
  - Support
  - Feedback
  - What's new
  - About
- Options ▼
- |
- Messenger ▼
  - Loading...

 Windows Live™

- Home
- Profile
- People
- Mail
- Photos
- More ▼
  - Calendar
  - Events
  - SkyDrive
  - Groups
  - Spaces
  - Family Safety
  - Mobile
  - Downloads
  - Office Live
  - All services
- MSN ▼
  - Home
  - Autos
  - Games
  - Money
  - Movies
  - Music
  - News
  - Sports
  - Weather



*Search the web*

william ▼

- Change picture
- Change name
- View your account
- Link other accounts

sign out

# Hotmail

- ☐
- Sort by ▼
  - **Sort by**
  - Date☐
  - From
  - Subject
  - Size
  - **Show only messages**
  - With attachments



- *Search your e-mail*

| | | |
|---|---|---|
| **Expedia Travel Deals** | **Our Biggest Hotel Sale Ever ends in 5 days** | **6:35 AM** |
| cardiacrep | Fwd: Grand Canyon May 18 - 2010 | Yesterday |
| Martin Sippy | 2 Questions | 8/25/09 |
| Palmhans@aol.com | Fwd: Fw: Harry Truman - The Good Old Days | 8/25/09 |
| Steve Smith | This is amazing! | 8/22/09 |
| Ticketmaster | Your tickets have been printed! | 8/20/09 |
| International School PTSA | Monday Messenger | 8/20/09 |
| stephenhub | RE: REMODEL | 8/17/09 |
| Ticketmaster | Your Ticket Order #35-56418/SEA | 8/17/09 |
| Mini Mountain | Instructor Registration | 8/16/09 |
| Karpack | Fw: 15% Off All SpaGuard Products at PoolGeek.com | 8/14/09 |
| Dick Patterson | FW: NEW PARAPET SHAPE PROPOSAL | 8/06/09 |
| Dick Patterson | Price quote info - RENTON JOB | 7/28/09 |
| R Bergsma | Art Glass | 7/27/09 |
| stephenhub | UPDATED SHOPPING LIST | 7/22/09 |
| Ann Imus | Try-outs | 7/22/09 |
| Amazon.com | Your Amazon.com order has shipped (#002-5124792-9018653) | 7/22/09 |
| stephenhub | UPDATED SHOPPING LIST | 7/21/09 |
| Ann Imus | Re: Coaches meeting and try-outs | 7/21/09 |
| R Bergsma | Etched glass door lite | 7/21/09 |
| Byram@aol.com | Return of Soccer Equipment | 7/12/09 |
| Facebook | Shannon Mclaird wrote on your Wall... | 7/12/09 |
| Palmhans@aol.com | Fwd: What a 14" drilled hole in the wrong place can do... | 7/12/09 |
| Dick Patterson | 33 GALER WALL CAPS- finally | 7/07/09 |
| Palmhans@aol.com | Fwd: (no subject) | 7/07/09 |

| | | |
|---|---|---|
| ☐ ☐ Geni | Hansen-Lindell-Johnson Family Newsletter, June 27-July 3 | 7/04/09 |
| ☐ ☐ FRANK rossi | RE: | 6/21/09 |
| ☐ ☐ Laura Matthews | I've added you to our family tree | 6/20/09 |
| ☐ ☐ Nick Gattuccio | RE: UMPIRE EQUIPMENT RETURN | 6/20/09 |
| ☐ ☐ Jayme Barry | ☐ FW: Fall Off Season Conditioning | 6/15/09 |
| ☐ ☐ Rob Shafar | ☐ Rodney Shafar Graduation | 6/12/09 |
| ☐ ☐ DOUGLAS BRIGGS | ☐ New Player | 6/11/09 |
| ☐ ☐ Peggy Warnock | Summer League - Madison Warnock availability pitching to our girls | 6/11/09 |
| ☐ ☐ Brian Wood | | 6/11/09 |
| ☐ ☐ NSAHDQTRS@aol.com | PlayNSA Sanction Confirmation - COACH | 6/10/09 |

221 messages

- Page
- **1**
- 2
- 3
- 4
- ...
- 7
- ◁
- ▷

Exhibit 3.

